**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**ALBANY DIVISION**

| | |
|---|---|
| SHAWN PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-CV-0668 (MAD/DJS) |
| ) | |
| FIRST CONTACT, LLC, IENERGIZER, ) | |
| INC., CONVERGENT OUTSOURCING, ) | |
| INC., and EXPERT GLOBAL SOLUTIONS, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, SHAWN PERRY ("Plaintiff"), by and through his attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendants, FIRST CONTACT, LLC, IENERGIZER, INC., CONVERGENT OUTSOURCING, INC., and EXPERT GLOBAL SOLUTIONS, INC. (collectively, "Defendants"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. § 227, et seq. ("TCPA").

### JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

3. This court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. Venue and personal jurisdiction in this District are proper because each of the Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in the City of Diamond Point, Warren County, New York.

6. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

7. Each Defendant is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

8. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

9. Defendant, FIRST CONTACT, LLC (hereinafter "FIRST CONTACT") is a national debt collection agency headquartered in the City of St. Petersburg, Pinellas County, Florida.

10. Defendant, IENERGIZER, INC. (hereinafter "IENERGIZER") is a national debt collection agency headquartered in the City of Dallas, Collin County, Texas.

11. Defendant, COVERGENT OUTSOURCING, INC. (hereinafter "CONVERGENT") is a national debt collection agency headquartered in the City of Atlanta, Fulton County, Georgia.

12. Defendant, EXPERT GLOBAL SOLUTIONS, INC. (hereinafter "EGS") is a national debt collection agency headquartered in the City of Plano, Collin County, Texas.

13. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. Defendants are attempting to collect a consumer debt from Plaintiff, allegedly arising from a Credit One Bank, N.A. debt.

16. In or around May 2016, Defendants began calling Plaintiff on Plaintiff's cellular telephone, at xxx-xxx-0990, in an attempt to collect the alleged debt.

17. Defendants call Plaintiff from a variety of telephone numbers.

18. On or about June 12, 2016, Plaintiff told Defendants' collectors to stop calling Plaintiff.

19. Plaintiff told Defendants' collectors to stop calling him on several occasions.

20. Despite Plaintiff's requests that Defendants stop calling him, Defendants continued to call Plaintiff unabated in an attempt to collect on the alleged debt.

21. When Plaintiff answered Defendants' calls, he was greeted with "dead air" whereby no person was on the other line. After several seconds, an agent was connected to the automated call then greeted Plaintiff and sought to speak with Plaintiff in an attempt to collect an alleged debt.

22. Defendants call Plaintiff at an annoying and harassing rate.

23. Prior to calling Plaintiff's cellular telephone, Defendants knew the number was a cellular telephone number.

24. Defendants have never had Plaintiff's prior express consent to call his cellular telephone with an automatic telephone dialing system.

25. Even if Defendants somehow had Plaintiff's consent, such consent was revoked when Plaintiff told Defendants' collectors to stop calling him.

26. Defendants continued to call Plaintiff's cellular telephone after Defendants knew Plaintiff wanted the calls to stop.

27. Within four (4) years of Plaintiff filing this Complaint, Defendants used automatic telephone dialing systems to call Plaintiff's cellular telephone.

28. The telephone dialer systems Defendants used to call Plaintiff's cellular telephone have the capacity to store telephone numbers.

29. The telephone dialer systems Defendants used to call Plaintiff's cellular telephone have the capacity to call stored telephone numbers automatically.

30. The telephone dialer systems Defendants used to call Plaintiff's cellular telephone have the capacity to call stored telephone numbers without human intervention.

31. The telephone dialer systems Defendants used to call Plaintiff's cellular telephone have the capacity to call telephone numbers in sequential order.

32. The telephone dialer systems Defendants used to call Plaintiff's cellular telephone have the capacity to call telephone numbers randomly.

33. The telephone dialer systems Defendants used to call Plaintiff's cellular telephone select telephone numbers to be called according to a protocol or strategy entered by Defendants.

34. The telephone dialer systems Defendants used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

35. Within four (4) years of Plaintiff filing this Complaint, Defendants left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

36. Defendants' calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

37. The dead air that the Plaintiff experienced on the calls that he received is indicative of the

use of an automatic telephone dialing system. This "dead air" is commonplace with autodialing and/or predictive dialing equipment. It indicates and evidences that the algorithm(s) being used by Defendants' autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated. Thus resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff. The dead air is essentially the autodialer holding the calls it placed to Plaintiff until the next available human agent is ready to accept them. Should the calls at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff's cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

38. As a result of Defendants' alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendants caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

      a. Invading Plaintiff's privacy;
      b. Electronically intruding upon Plaintiff's seclusion;
      c. Intrusion into Plaintiff's use and enjoyment of his cellular telephone;
      d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of his cellular telephone; and
      e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendants' unwanted calls.

## COUNT I:
## DEFENDANT FIRST CONTACT, LLC VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

39. Plaintiff repeats and re-alleges paragraphs 1-38 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

40. FIRST CONTACT's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice without consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, SHAWN PERRY, respectfully requests judgment be entered against Defendant, FIRST CONTACT, LLC, for the following:

41. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

43. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

44. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT IENERGIZER, INC. VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

45. Plaintiff repeats and re-alleges paragraphs 1-38 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

46. IENERGIZER's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice without consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, SHAWN PERRY, respectfully requests judgment be entered against Defendant, IENERGIZER, INC. for the following:

47. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

50. Any other relief that this Honorable Court deems appropriate.

### COUNT III:
### DEFENDANT CONVERGENT OUTSOURCING, INC. VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

51. Plaintiff repeats and re-alleges paragraphs 1-38 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

52. CONVERGENT's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice without consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, SHAWN PERRY, respectfully requests judgment be entered against Defendant, CONVERGENT OUTSOURCING, INC. for the following:

53. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

54. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

55. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

56. Any other relief that this Honorable Court deems appropriate.

## COUNT IV:
## DEFENDANT EXPERT GLOBAL SOLUTIONS, INC. VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

57. Plaintiff repeats and re-alleges paragraphs 1-38 of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

58. EGS' conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice without consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, SHAWN PERRY, respectfully requests judgment be entered against Defendant, EXPERT GLOBAL SOLUTIONS, INC. for the following:

59. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47

U.S.C. § 227(b)(3)(B).

60. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

61. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

62. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

June 20, 2017                By:   /s/ Shireen Hormozdi
                                   Shireen Hormozdi
                                   Hormozdi Law Firm, LLC
                                   1770 Indian Trail Lilburn Road, Suite 175
                                   Norcross, GA 30093
                                   Tel: 678-395-7795
                                   Fax: 866-929-2434
                                   shireen@agrusslawfirm.com
                                   shireen@norcrosslawfirm.com
                                   Attorney for Plaintiff