UNITED STATES DISTRICT COURT FOR
NORTHERN DISTRICT OF NEW YORK

Shawn Perry,

    Plaintiff,

v.                                                  Civil Action No.: 1:17-cv-00668-MAD-DJS

First Contact, LLC, et al.

    Defendant.

**EXPERT GLOBAL SOLUTIONS, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Expert Global Solutions, Inc. ("EGS"), by and through undersigned counsel, and for its answer to Plaintiff's Complaint, states as follows:

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. § 227, et seq. ("TCPA").

**ANSWER: EGS admits plaintiff purports to bring this action for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*., but denies any violations, liability, or wrongdoing under the law. Except as specifically admitted, EGS denies the allegations in ¶ 1.**

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

**ANSWER: EGS denies the allegations in ¶ 2, as plaintiff's claims are subject to binding arbitration.**

3. This court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

1

**ANSWER: EGS denies the allegations in ¶ 3, as plaintiff's claims are subject to binding arbitration.**

4. Venue and personal jurisdiction in this District are proper because each of the Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

**ANSWER: EGS denies the allegations in ¶ 4, as plaintiff's claims are subject to binding arbitration.**

5. Plaintiff is a natural person residing in the City of Diamond Point, Warren County, New York.

**ANSWER:  EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 5.**

6. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:  EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 6.**

7. Each Defendant is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:  EGS admits that it is a corporation.  Except as specifically admitted, EGS denies the allegations in ¶ 7 as calling for a legal conclusion.**

8. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

**ANSWER:  EGS admits that it had a Credit One account in the name of Shawn Perry, and that it contacted Shawn Perry within the last year.  Except as specifically admitted, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 8.**

9. Defendant, FIRST CONTACT, LLC (hereinafter "FIRST CONTACT") is a national debt collection agency headquartered in the City of St. Petersburg, Pinellas County, Florida.

**ANSWER: EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 9.**

10. Defendant, IENERGIZER, INC. (hereinafter "IENERGIZER") is a national debt collection agency headquartered in the City of Dallas, Collin County, Texas.

**ANSWER: EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 10.**

11. Defendant, COVERGENT OUTSOURCING, INC. (hereinafter "CONVERGENT") is a national debt collection agency headquartered in the City of Atlanta, Fulton County, Georgia.

**ANSWER: EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 11.**

12. Defendant, EXPERT GLOBAL SOLUTIONS, INC. (hereinafter "EGS") is a national debt collection agency headquartered in the City of Plano, Collin County, Texas.

**ANSWER: EGS admits that it has an office in Plano, Texas, and that at times, and under certain circumstances, it collects accounts. Except as specifically admitted, EGS denies the allegations in ¶ 12.**

13. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

**ANSWER: EGS admits that at times, and under certain circumstances, it collects accounts. Except as specifically admitted, EGS denies the allegations in ¶ 13.**

14. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**ANSWER: EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 14.**

15. Defendants are attempting to collect a consumer debt from Plaintiff, allegedly arising from a Credit One Bank, N.A. debt.

**ANSWER: EGS admits that it had a Credit One account in the name of Shawn Perry, and that it contacted Shawn Perry within the last year. Except as specifically admitted, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 15.**

16. In or around May 2016, Defendants began calling Plaintiff on Plaintiff's cellular telephone, at xxx-xxx-0990, in an attempt to collect the alleged debt.

**ANSWER: EGS admits that it had a Credit One account in the name of Shawn Perry, and that it contacted Shawn Perry within the last year. Except as specifically admitted, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 16.**

17. Defendants call Plaintiff from a variety of telephone numbers.

**ANSWER: EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 17.**

18. On or about June 12, 2016, Plaintiff told Defendants' collectors to stop calling Plaintiff.

**ANSWER: As to EGS, denied. As to the remaining defendants, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 18.**

19. Plaintiff told Defendants' collectors to stop calling him on several occasions.

**ANSWER:   As to EGS, denied.   As to the remaining defendants, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 19.**

20. Despite Plaintiff's requests that Defendants stop calling him, Defendants continued to call Plaintiff unabated in an attempt to collect on the alleged debt.

**ANSWER:   As to EGS, denied.   As to the remaining defendants, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 20.**

21. When Plaintiff answered Defendants' calls, he was greeted with "dead air" whereby no person was on the other line. After several seconds, an agent was connected to the automated call then greeted Plaintiff and sought to speak with Plaintiff in an attempt to collect an alleged debt.

**ANSWER:   As to EGS, denied.   As to the remaining defendants, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 21.**

22. Defendants call Plaintiff at an annoying and harassing rate.

**ANSWER:   As to EGS, denied.   As to the remaining defendants, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 22.**

23. Prior to calling Plaintiff's cellular telephone, Defendants knew the number was a cellular telephone number.

**ANSWER:   As to EGS, denied.   As to the remaining defendants, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 23.**

24. Defendants have never had Plaintiff's prior express consent to call his cellular telephone with an automatic telephone dialing system.

**ANSWER:   As to EGS, denied.  As to the remaining defendants, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 24.**

25. Even if Defendants somehow had Plaintiff's consent, such consent was revoked when Plaintiff told Defendants' collectors to stop calling him.

**ANSWER:   EGS denies that plaintiff said to stop calling, and denies the allegations in ¶ 25.**

26. Defendants continued to call Plaintiff's cellular telephone after Defendants knew Plaintiff wanted the calls to stop.

**ANSWER:   As to EGS, denied.  As to the remaining defendants, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 26.**

27. Within four (4) years of Plaintiff filing this Complaint, Defendants used automatic telephone dialing systems to call Plaintiff's cellular telephone.

**ANSWER:   As to EGS, denied.  As to the remaining defendants, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 27.**

28. The telephone dialer systems Defendants used to call Plaintiff's cellular telephone have the capacity to store telephone numbers.

**ANSWER:   As to EGS, denied.  As to the remaining defendants, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 28.**

29. The telephone dialer systems Defendants used to call Plaintiff's cellular telephone have the capacity to call stored telephone numbers automatically.

**ANSWER:   As to EGS, denied.  As to the remaining defendants, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 29.**

30. The telephone dialer systems Defendants used to call Plaintiff's cellular telephone have the capacity to call stored telephone numbers without human intervention.

**ANSWER: As to EGS, denied. As to the remaining defendants, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 30.**

31. The telephone dialer systems Defendants used to call Plaintiff's cellular telephone have the capacity to call telephone numbers in sequential order.

**ANSWER: As to EGS, denied. As to the remaining defendants, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 31.**

32. The telephone dialer systems Defendants used to call Plaintiff's cellular telephone have the capacity to call telephone numbers randomly.

**ANSWER: As to EGS, denied. As to the remaining defendants, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 32.**

33. The telephone dialer systems Defendants used to call Plaintiff's cellular telephone select telephone numbers to be called according to a protocol or strategy entered by Defendants.

**ANSWER: As to EGS, denied. As to the remaining defendants, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 33.**

34. The telephone dialer systems Defendants used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

**ANSWER: As to EGS, denied. As to the remaining defendants, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 34.**

35. Within four (4) years of Plaintiff filing this Complaint, Defendants left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

**ANSWER:  As to EGS, denied.  As to the remaining defendants, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 35.**

36. Defendants' calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

**ANSWER:   EGS admits that it does not typically place calls for emergency purposes. Except as specifically admitted, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 36, and as to the remaining defendants, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 36.**

37. The dead air that the Plaintiff experienced on the calls that he received is indicative of the use of an automatic telephone dialing system. This "dead air" is commonplace with autodialing and/or predictive dialing equipment. It indicates and evidences that the algorithm(s) being used by Defendants' autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated. Thus resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff. The dead air is essentially the autodialer holding the calls it placed to Plaintiff until the next available human agent is ready to accept them. Should the calls at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff's cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

**ANSWER: As to EGS, denied. As to the remaining defendants, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 37.**

38. As a result of Defendants' alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendants caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

> a. Invading Plaintiff's privacy;
> b. Electronically intruding upon Plaintiff's seclusion;
> c. Intrusion into Plaintiff's use and enjoyment of his cellular telephone;
> d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of his cellular telephone; and
> e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendants' unwanted calls.

**ANSWER: As to EGS, denied. As to the remaining defendants, EGS is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 38 and its subparts.**

## COUNT I
## DEFENDANT FIRST CONTACT, LLC
## THE TELEPHONE CONSUMER PROTECTION ACT

39. Plaintiff repeats and re-alleges paragraphs 1-38 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

**ANSWER: EGS re-alleges and incorporates by reference the foregoing.**

40. FIRST CONTACT's conduct violated the TCPA by:

a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice without consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, SHAWN PERRY, respectfully requests judgment be entered against Defendant, FIRST CONTACT, LLC, for the following:

**ANSWER: Count I is not directed at EGS, and on that basis no response is required. To the extent that a response is required, denied.**

41. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

**ANSWER: Count I is not directed at EGS, and on that basis no response is required. To the extent that a response is required, denied.**

42. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**ANSWER: Count I is not directed at EGS, and on that basis no response is required. To the extent that a response is required, denied.**

43. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

**ANSWER: Count I is not directed at EGS, and on that basis no response is required. To the extent that a response is required, denied.**

44. Any other relief that this Honorable Court deems appropriate.

**ANSWER: Count I is not directed at EGS, and on that basis no response is required. To the extent that a response is required, denied.**

## COUNT II
## DEFENDANT IENERGIZER, INC.
## THE TELEPHONE CONSUMER PROTECTION ACT

45. Plaintiff repeats and re-alleges paragraphs 1-38 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

**ANSWER:   EGS re-alleges and incorporates by reference the foregoing.**

46. IENERGIZER's conduct violated the TCPA by:

a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice without consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, SHAWN PERRY, respectfully requests judgment be entered against Defendant, IENERGIZER, INC. for the following:

**ANSWER:  Count II is not directed at EGS, and on that basis no response is required. To the extent that a response is required, denied.**

47. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

**ANSWER:  Count II is not directed at EGS, and on that basis no response is required. To the extent that a response is required, denied.**

48. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**ANSWER:  Count II is not directed at EGS, and on that basis no response is required. To the extent that a response is required, denied.**

49. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

**ANSWER:  Count II is not directed at EGS, and on that basis no response is required. To the extent that a response is required, denied.**

50. Any other relief that this Honorable Court deems appropriate.

**ANSWER: Count II is not directed at EGS, and on that basis no response is required. To the extent that a response is required, denied.**

## COUNT III
## DEFENDANT CONVERGENT OUTSOURCING, INC.
## THE TELEPHONE CONSUMER PROTECTION ACT

51. Plaintiff repeats and re-alleges paragraphs 1-38 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

**ANSWER:   EGS re-alleges and incorporates by reference the foregoing.**

52. CONVERGENT's conduct violated the TCPA by:

a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice without consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, SHAWN PERRY, respectfully requests judgment be entered against Defendant, CONVERGENT OUTSOURCING, INC. for the following:

**ANSWER:   Count III is not directed at EGS, and on that basis no response is required.  To the extent that a response is required, denied.**

53. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

**ANSWER:   Count III is not directed at EGS, and on that basis no response is required.  To the extent that a response is required, denied.**

54. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**ANSWER:  Count III is not directed at EGS, and on that basis no response is required.  To the extent that a response is required, denied.**

55. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

**ANSWER:  Count III is not directed at EGS, and on that basis no response is required.  To the extent that a response is required, denied.**

56. Any other relief that this Honorable Court deems appropriate.

**ANSWER:  Count III is not directed at EGS, and on that basis no response is required.  To the extent that a response is required, denied.**

## COUNT IV
## DEFENDANT EXPERT GLOBAL SOLUTIONS, INC.
## THE TELEPHONE CONSUMER PROTECTION ACT

57. Plaintiff repeats and re-alleges paragraphs 1-38 of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

**ANSWER:  EGS re-alleges and incorporates by reference the foregoing.**

58. EGS' conduct violated the TCPA by:

a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice without consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, SHAWN PERRY, respectfully requests judgment be entered against Defendant, EXPERT GLOBAL SOLUTIONS, INC. for the following:

**ANSWER:  EGS denies the allegations in ¶ 58.**

59. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

**ANSWER: EGS denies the allegations in ¶ 59.**

60. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**ANSWER: EGS denies the allegations in ¶ 60.**

61. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

**ANSWER: EGS denies the allegations in ¶ 61.**

62. Any other relief that this Honorable Court deems appropriate.

**ANSWER: EGS denies the allegations in ¶ 62.**

## AFFIRMATIVE DEFENSES

AND NOW, in further Answer to the Complaint, Expert Global Solutions, Inc. avers as follows:

### FIRST AFFIRMATIVE DEFENSE

The equipment used by EGS is not covered by or subject to the TCPA.

### SECOND AFFIRMATIVE DEFENSE

The phone calls made to plaintiff, if any, are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C.§ 227(b)(2)(B) and 47 C.F.R. § 64.1200(a).

### THIRD AFFIRMATIVE DEFENSE

One or more of the calls was made by equipment that did not have the capacity to store or produce telephone numbers to be called using a random or sequential number

generator and to dial such numbers; one or more of the calls was made without using an artificial or prerecorded voice.

## FOURTH AFFIRMATIVE DEFENSE

EGS denies any liability; however, regardless of liability, plaintiff has suffered no damages as a result of the alleged violations of law.

## FIFTH AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

## SIXTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than EGS and were beyond the control or supervision of EGS or for whom EGS was and is not responsible or liable.

## SEVENTH AFFIRMATIVE DEFENSE

One of more of the telephone calls made to plaintiff was not made to a wireless, i.e., cellular telephone.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff consented and authorized calls to the phone number in question.

WHEREFORE, Expert Global Solutions, Inc., respectfully requests that Plaintiff's lawsuit be dismissed, with prejudice, and for all other general and equitable relief.

Respectfully submitted,

/s/ Aaron R. Easley
Aaron R. Easley, Esq. (Bar Roll # 517286)
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
3 Cross Creek Drive
Flemington, NJ 08822
Phone: (908) 237-1660
Facsimile: (908) 237-1663
Email: aeasley@sessions.legal
*Attorneys for Expert Global Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2017, a true and correct copy of the foregoing **Expert Global Solutions, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Aaron R. Easley
Aaron R. Easley, Esq.
*Counsel for Expert Global Solutions, Inc.*