**UNITED STATES DISTRICT COURT**
**THE NORTHERN DISTRICT OF NEW YORK**

SHAWN PERRY,

*Plaintiff,*

-against-

FIRST CONTACT, LLC; IENERGIZER, INC.;
CONVERGENT OUTSOURCING, INC.; and
EXPERT GLOBAL SOLUTIONS, INC.,

*Defendants.*

Case No. 1:17-CV-00668-MAD-DJS

**DEFENDANT CONVERGENT
OUTSOURCING, INC.'S ANSWER TO
COMPLAINT**

Defendant Convergent Outsourcing, Inc. ("Defendant"), for itself and no other party, hereby answers the complaint ("Complaint") of Plaintiff Shawn Perry ("Plaintiff"), as follows:[1]

## INTRODUCTION

1.      Answering Paragraph 1 of the Complaint, Defendant admits only that Plaintiff purports to allege a claim for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227.  Defendant denies violating the TCPA.

## JURISDICTION AND VENUE

2.      Answering Paragraph 2 of the Complaint, these allegations consist of legal conclusions to which no response is required.

3.      Answering Paragraph 3 of the Complaint, Defendant denies that it violated the TCPA or any other federal law.  Except as stated, these allegations consist of legal conclusions to which no response is required.

4.      Answering Paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

---

[1] The Complaint's headings are repeated herein for organizational purposes only, but should be considered denied.

**PARTIES**

5.      Answering Paragraph 5 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

6.      Answering Paragraph 6 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

7.      Answering Paragraph 7 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

8.      Answering Paragraph 8 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

9.      Answering Paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

10.      Answering Paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

11.      Answering Paragraph 11 of the Complaint, Defendant denies that it is headquartered in the City of Atlanta, Fulton County, Georgia.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

12.      Answering Paragraph 12 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

13.     Answering Paragraph 13 of the Complaint, Defendant admits that under certain circumstances and in certain situations it collects unpaid financial obligations.  Except as stated, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

14.     Answering Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

## FACTUAL ALLEGATIONS

15.     Answering Paragraph 15 of the Complaint, Defendant admits that Plaintiff owes a financial obligation to Credit One Bank, N.A.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

16.     Answering Paragraph 16 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

17.     Answering Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

18.     Answering Paragraph 18 of the Complaint, Defendant denies these allegations.

19.     Answering Paragraph 19 of the Complaint, Defendant denies these allegations.

20.     Answering Paragraph 20 of the Complaint, Defendant denies these allegations.

21.     Answering Paragraph 21 of the Complaint, Defendant denies these allegations.

22.     Answering Paragraph 22 of the Complaint, Defendant denies these allegations.

23.     Answering Paragraph 23 of the Complaint, Defendant denies these allegations.

24.     Answering Paragraph 24 of the Complaint, Defendant denies these allegations.

25.     Answering Paragraph 25 of the Complaint, Defendant denies these allegations.

26.     Answering Paragraph 26 of the Complaint, Defendant denies these allegations.

27.     Answering Paragraph 27 of the Complaint, Defendant denies these allegations.

28.     Answering Paragraph 28 of the Complaint, Defendant denies these allegations.

29.     Answering Paragraph 29 of the Complaint, Defendant denies these allegations.

30.     Answering Paragraph 30 of the Complaint, Defendant denies these allegations.

31.     Answering Paragraph 31 of the Complaint, Defendant denies these allegations.

32.     Answering Paragraph 32 of the Complaint, Defendant denies these allegations.

33.     Answering Paragraph 33 of the Complaint, Defendant denies these allegations.

34.     Answering Paragraph 34 of the Complaint, Defendant denies these allegations.

35.     Answering Paragraph 35 of the Complaint, Defendant denies these allegations.

36.     Answering Paragraph 36 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

37.     Answering Paragraph 37 of the Complaint, Defendant denies these allegations.

38.     Answering Paragraph 38 of the Complaint, and each of its subparts, Defendant denies these allegations.

## COUNT I:

### DEFENDANT FIRST CONTACT, LLC VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

39.     Answering Paragraph 39 of the Complaint, Defendant repeats its responses to Paragraphs 1 through 38 of the Complaint.

40.     Answering Paragraph 40 of the Complaint, this Paragraph is not alleged against Convergent, and thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

41.     Answering Paragraph 41 of the Complaint, this Paragraph is not alleged against Convergent, and thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

42.     Answering Paragraph 42 of the Complaint, this Paragraph is not alleged against

Convergent, and thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

43.     Answering Paragraph 43 of the Complaint, this Paragraph is not alleged against Convergent, and thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

44.     Answering Paragraph 44 of the Complaint, this Paragraph is not alleged against Convergent, and thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

## COUNT II:

## DEFENDANT IENERGIZER, INC. VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

45.     Answering Paragraph 45 of the Complaint, Defendant repeats its responses to Paragraphs 1 through 38 of the Complaint.

46.     Answering Paragraph 46 of the Complaint, this Paragraph is not alleged against Convergent, and thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

47.     Answering Paragraph 47 of the Complaint, this Paragraph is not alleged against Convergent, and thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

48.     Answering Paragraph 48 of the Complaint, this Paragraph is not alleged against Convergent, and thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

49.     Answering Paragraph 49 of the Complaint, this Paragraph is not alleged against Convergent, and thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

50.     Answering Paragraph 50 of the Complaint, this Paragraph is not alleged against Convergent, and thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

## COUNT III:

## DEFENDANT CONVERGENT OUTSOURCING, INC. VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

51.     Answering Paragraph 51 of the Complaint, Defendant repeats its responses to Paragraphs 1 through 38 of the Complaint.

52.     Answering Paragraph 52 of the Complaint, and each of its subparts, Defendant denies these allegations.

53.     Answering Paragraph 53 of the Complaint, Defendant denies these allegations.

54.     Answering Paragraph 54 of the Complaint, Defendant denies these allegations.

55.     Answering Paragraph 55 of the Complaint, Defendant denies these allegations.

56.     Answering Paragraph 56 of the Complaint, Defendant denies these allegations.

## COUNT IV:

## DEFENDANT EXPERT GLOBAL SOLUTIONS, INC. VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

57.     Answering Paragraph 57 of the Complaint, Defendant repeats its responses to Paragraphs 1 through 38 of the Complaint.

58.     Answering Paragraph 58 of the Complaint, this Paragraph is not alleged against Convergent, and thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

59.     Answering Paragraph 59 of the Complaint, this Paragraph is not alleged against

Convergent, and thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

60.     Answering Paragraph 60 of the Complaint, this Paragraph is not alleged against Convergent, and thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

61.     Answering Paragraph 61 of the Complaint, this Paragraph is not alleged against Convergent, and thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

62.     Answering Paragraph 62 of the Complaint, this Paragraph is not alleged against Convergent, and thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

## AFFIRMATIVE DEFENSES

### AS FOR ITS FIRST AFFIRMATIVE DEFENSE, CONVERGENT OUTSOURCING, INC. STATES:

63.     Plaintiff fails to state a claim upon which relief can be granted against Respondent.

### AS FOR ITS SECOND AFFIRMATIVE DEFENSE, CONVERGENT OUTSOURCING, INC. STATES:

64.     Respondent had prior express consent to call Plaintiff.  47 U.S.C. § 227(b)(1)(B).

### AS FOR ITS THIRD AFFIRMATIVE DEFENSE, CONVERGENT OUTSOURCING, INC. STATES:

65.     Respondent had an established business relationship with Plaintiff.  47 CFR 64.1200(a)(2)(iv).

### AS FOR ITS FOURTH AFFIRMATIVE DEFENSE, CONVERGENT OUTSOURCING, INC. STATES:

66.     Plaintiff's claims are barred in whole or in part by the applicable statute of

7

limitations.

**AS FOR ITS FIFTH AFFIRMATIVE DEFENSE,
CONVERGENT OUTSOURCING, INC. STATES:**

67.     Plaintiff is barred from obtaining the relief sought in the Demand by the doctrines of estoppel, waiver, unclean hands, laches, or other equitable doctrines.

**AS FOR ITS SIXTH AFFIRMATIVE DEFENSE,
CONVERGENT OUTSOURCING, INC. STATES:**

68.     Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate his alleged damages, if any.

**AS FOR ITS SEVENTH AFFIRMATIVE DEFENSE,
CONVERGENT OUTSOURCING, INC. STATES:**

69.     Respondent expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with applicable choice of law rules.

**AS FOR ITS EIGHTH AFFIRMATIVE DEFENSE,
CONVERGENT OUTSOURCING, INC. STATES:**

70.     Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions alleged.

**AS FOR ITS NINTH AFFIRMATIVE DEFENSE,
CONVERGENT OUTSOURCING, INC. STATES:**

71.     Respondent's conduct was privileged or justified.

**AS FOR ITS TENTH AFFIRMATIVE DEFENSE,
CONVERGENT OUTSOURCING, INC. STATES:**

72.     Plaintiff has waived any and all claims, rights and demands made in the Demand.

**AS FOR ITS ELEVENTH AFFIRMATIVE DEFENSE,
CONVERGENT OUTSOURCING, INC. STATES:**

73.     Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved or mandated, implicitly or expressly, by applicable statutes and regulations.

**AS FOR ITS TWELFTH AFFIRMATIVE DEFENSE,
CONVERGENT OUTSOURCING, INC. STATES:**

74.     Plaintiff's claims may be barred because Respondent at all times complied in

good faith with all applicable statutes and regulations.

## AS FOR ITS THIRTEENTH AFFIRMATIVE DEFENSE, CONVERGENT OUTSOURCING, INC. STATES:

75.     Respondent specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff.

## AS FOR ITS FOURTEENTH AFFIRMATIVE DEFENSE, CONVERGENT OUTSOURCING, INC. STATES:

76.     Any harm alleged in the Demand can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## AS FOR ITS FIFTEENTH AFFIRMATIVE DEFENSE, CONVERGENT OUTSOURCING, INC. STATES:

77.     If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, and not by Respondent.

## AS FOR ITS SIXTEENTH AFFIRMATIVE DEFENSE, CONVERGENT OUTSOURCING, INC. STATES:

78.     If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Respondent.

## AS FOR ITS SEVENTEENTH AFFIRMATIVE DEFENSE, CONVERGENT OUTSOURCING, INC. STATES:

79.     If Plaintiff prevails against Respondent, Respondent's liability is several and limited to its own actionable segment of fault, if any.

## AS FOR ITS EIGHTEENTH AFFIRMATIVE DEFENSE, CONVERGENT OUTSOURCING, INC. STATES:

80.     Respondent is entitled to a set-off against any award to Plaintiff.

## AS FOR ITS NINETEENTH AFFIRMATIVE DEFENSE, CONVERGENT OUTSOURCING, INC. STATES:

81.     Respondent specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert such defenses.

**WHEREFORE**, Defendant Convergent Outsourcing, Inc. demands judgment dismissing Plaintiffs' Complaint in its entirety, together with the reasonable attorney's fees, costs and disbursements of this action and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
        September 14, 2017

Yours, *etc.*,

*/s/ Howard A. Fried*

Howard A. Fried, Esq. (Bar No, 507243)
Segal McCambridge Singer & Mahoney, Ltd.
*Attorneys for Defendant*
**CONVERGENT OUTSOURCING, INC.**
850 Third Avenue, Suite 1100
New York, NY 10022
212-651-7500
*hfried@smsm.com*